EDWARD STEVENS *vs.* RALPH J. SMITH.

Suffolk.    November 12, 1913. — May 19, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Negligence*, Employer's liability.

In an action by a longshoreman against a stevedore by whom he was employed
for injuries sustained, when the plaintiff was working in the hold of a vessel that
was being unloaded, by reason of a pin dropping out of a winch, where there
was no evidence of a defect in the pin or in any other part of the machinery
and it appeared that it was the duty of the winchman to see that the pin was
put in from time to time as needed, it was *held*, that, if there was any negligence,
it was that of a fellow servant of the plaintiff and not that of a superintendent.

TORT by a longshoreman for personal injuries sustained on
March 30, 1909, when in the employ of the defendant, who was a
stevedore at Boston, by reason of the unclutching of a winch on
the steamer Frances, in the hold of which the plaintiff was work-
ing as she was being unloaded at the Mystic Docks in the part
of Boston called Charlestown.   The declaration contained four
counts.   The first count alleged that the defendant negligently
supplied the plaintiff with defective and dangerous machinery.
The second count alleged a failure to warn the plaintiff of
dangers of which he was ignorant.   The third and fourth counts
were under the employers' liability act, the third alleging a defect
in the defendant's ways, works or machinery and the fourth al-
leging negligence of a superintendent.   Writ dated July 10, 1909.

In the Superior Court the case was tried before *King*, J.   The
accident was caused by a pin coming out of the winch, allowing
it to get out of gear and precipitating a sling full of sugar upon
the plaintiff, who was near the edge of the combings, as he was
leaning over at his work and getting another load ready.   The
clutch was put in by raising the handle of the lever arm as high
as it would go and inserting a pin through a hole in the lever arm,
which came opposite a hole in the frame or the bracket behind,
thus holding it in place.   The pin was about the size of a pen handle,
two and one half inches long according to a witness for the plain-
tiff or three or four inches long according to a witness for the de-
fendant, and was somewhat smaller at one end than at the other.

When in position the pin projected at both ends. The pin was about two and a half feet from the throttle, which the winchman in a standing position operated by hand, below and in front of him and of "about the level of his shin." The lever and the bracket were each about half an inch thick. In order to see the pin, the winchman while at work would have to make a movement of his body. Two bars of iron were between him and the pin. The only one of the defendant's men in charge of the winch was the winchman. All the men engaged in the unloading operations were the defendant's employees. When operating the winch the winchman was facing the hatchman, from whom he got his orders for hoisting. After the accident the winchman put the winch in gear, picking up the pin off the deck and putting it in place and tieing up the lever.

At the close of the evidence the judge ordered a verdict for the defendant on the third and fourth counts, and submitted the case to the jury on the first and second counts. The jury returned a verdict for the defendant; and the plaintiff alleged exceptions, including those to the admission of certain evidence and to portions of the judge's charge which are referred to in the opinion.

*J. C. Woodman,* for the plaintiff.

*W. H. Hitchcock,* for the defendant.

HAMMOND, J. The accident was due to the dropping of a pin from its place. There was no evidence that this was due to any defect in the pin or in any other part of the machinery. It was the duty of the winchman to see that the pin was put in from time to time as needed. The negligence, if any there was, in inserting the pin was the negligence of a fellow servant, not that of a superintendent. The judge rightly ordered a verdict for the defendant on the third and fourth counts.

The evidence offered as to the manner of obtaining steam when needed was properly excluded. It had no material bearing upon the question at issue.

It is unnecessary to consider in detail the exceptions to the charge. We have carefully examined it and find it apt and correct. The remark that in a certain contingency the plaintiff "cannot recover in this action, whatever he may do in any other action," even if considered as a suggestion that the plaintiff possibly had a right to some other action, was correct in law and harmless in fact.

*Exceptions overruled.*